UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BARBARA MAY BOYER, DONNA JEAN
ROWE-WILLIS, TROY "J" WILLIS,

CIV S-05-0752 GEB PAN PS

    Plaintiffs,

        v.                              ORDER

ANGELA Y. ARMSTRONG, in her
private capacity, CHRIS LEWIS, in
his private capacity, R. STEVEN
LAPHAM, in his private capacity,
et al.,

    Defendants.

—oOo—

    Plaintiffs filed their First Amended Complaint in San Joaquin County Superior Court April 8, 2005, seeking damages from federal officers for the execution of an allegedly baseless federal search warrant at plaintiffs' residence on January 28, 2004. Defendants are R. Steven Lapham, an Assistant U.S. Attorney, Angela Armstrong, an FBI agent, and Chris Lewis, an

investigator for the California Department of Insurance. On April 18, 2005, defendants removed the action pursuant to 28 U.S.C. §§ 1441, 1442, and 1331. May 23, 2005, plaintiffs moved pursuant to 28 U.S.C. § 1447(c) to remand this action to state court for lack of jurisdiction.

Removal of state court actions to federal court is permitted for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir. 1986)).

Plaintiffs assert remand is warranted on the grounds (1) plaintiffs are "private Citizens living in the California Republic, a Union State outside the territorial jurisdiction of the United States;" and (2) defendants are "private Citizens residing in California . . . being sued in a private civil action . . . for damages caused . . . while 'impersonating' official corporate officers." Plaintiffs claim they are entitled to pursue their action "under Common Law in the jurisdiction of a

California court of proper general jurisdiction venue." Citing the Tenth Amendment to the U.S. Constitution and Article I, Section 8, Clauses 17 and 18, plaintiffs assert that state courts "have exclusive jurisdiction of property and persons located within their borders."

Removal of this action is authorized by 28 U.S.C. §§ 1442, 1441 and 1331. 28 U.S.C. § 1442 expressly authorizes removal of a state court civil action against an officer of the United States or any person acting under that officer sued in their "individual capacity for any act under color of such office." 28 U.S.C. § 1441 generally authorizes removal of state court actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1331 accords to the district courts original jurisdiction of actions "arising under the Constitution, laws, or treaties of the United States." Plaintiffs' complaint expressly alleges only "Violation of Constitutional Rights under the Amendments Fourth, Fifth, Nineth [sic], Tenth and Fourteenth of the Constitution for the United States of America" and thus asserts this court's original jurisdiction.

Plaintiffs' reliance on the Tenth Amendment's state reservation of powers and Congress' powers to legislate for and exercise authority over the District of Columbia (U.S. Constitution, Article I, Clause 17) and to make such laws necessary and proper to the execution of Congress' numerous powers (U.S. Constitution, Article I, Clause 18) does not support

3

plaintiffs' argument.  Nor do plaintiffs make a relevant distinction between a "United States district court" and "District Court of the United States."

Accordingly, plaintiff's motion to remand is denied.

Defendants shall file and serve their dispositive motion no later than September 2, 2005; plaintiffs shall file and serve their opposition within 30 days of service of defendants' motion; defendants may file and serve a reply, if any, within 10 days after service of plaintiffs' opposition.

So ordered.

Dated: June 29, 2005.

                                        /s/ Peter A. Nowinski
                                        PETER A. NOWINSKI
                                        Magistrate Judge