UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BARBARA MAY BOYER, DONNA JEAN
ROWE-WILLIS, TROY "J" WILLIS,

        Plaintiffs,    CIV. S-05-0752 DFL PAN PS

    v.

ANGELA Y. ARMSTRONG, in her    FINDINGS AND RECOMMENDATIONS
private capacity, CHRIS LEWIS, in
his private capacity, R. STEVEN
LAPHAM, in his private capacity,
et al.,

        Defendants.

-o0o-

Defendants move to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Plaintiffs have filed neither an opposition nor statement of non-opposition to defendants' motions as required by E. D. Cal. L. R. 78-230(c) (opposition shall be filed not less than 14

days preceding the hearing), nor complied with this court's June 30, 2005, order directing that any opposition be filed by October 1, 2005.

As oral argument is unnecessary to resolve this matter, I vacate the hearing scheduled for October 26, 2005, and issue these findings and recommendations.

Plaintiffs filed their First Amended Complaint in San Joaquin County Superior Court April 8, 2005, alleging violation of their civil rights for an allegedly illegal search and seizure at plaintiffs' Lodi residence on January 28, 2004. Defendants are R. Steven Lapham, an Assistant U.S. Attorney, Angela Armstrong, an FBI agent, and Chris Lewis, an investigator for the California Department of Insurance. Defendants removed this action to this court on April 18, 2005; on June 30, this court denied plaintiffs' motion to remand.

On July 18, 2005, plaintiff Donna Jean Rowe-Willis was arraigned on felony counts of conspiracy, mail fraud and money laundering. <u>United States v. Kalfeek et al.</u>, S Crim. 050128 LKK (E.D. Cal.). Willis is one of eight defendants charged with operating a company offering fraudulent automobile liability insurance. The criminal case remains at an early stage with the next status conference set for January 10, 2006. No charges have been filed against the other plaintiffs in this action.

The federal defendants and state defendant moved separately to dismiss plaintiff's complaint. Plaintiff's lack of opposition to defendants' motions is properly construed as

2

acquiescence thereto. E. D. Cal. L. R. 78-230(c), 11-110, and 83-183. Dismissal is also warranted on the merits.

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept plaintiff's allegations as true, read the complaint most favorably to plaintiff, give plaintiff the benefit of every reasonable inference that appears from the pleading and argument of the case and dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Wheeldin v. Wheeler, 373 U.S. 647, 658 (1963); Retail Clerks International Association, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 754, n. 6 (1963); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

A section 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned. Harvey v. Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000). The evidence seized from plaintiffs' home–primarily computers, computer disks and programs, and financial documents and records–appear essential to the resolution of the criminal charges against Willis and her codefendants. Accordingly, both Willis and the other plaintiffs in this action are premature, at best, in pursuing a civil action challenging the legality of the subject search.

Accordingly, defendants' motions should be granted and this action dismissed.

These findings and recommendations are submitted to the Honorable Garland E. Burrell, Jr., the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(1). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2005.

      /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge